**PRIORITY SEND**

O

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No. EDCV11-01228-VAP(OPx)   Date: August 23, 2011

Title:  OATES REVOCABLE TRUST DATED JUNE 23, 2003, ROBIN OATES AS TRUSTEE -v- JAMES RIZON; DAWN RIZON
==============================================================
PRESENT:   HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

| Marva Dillard | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFFS: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None | None |

PROCEEDINGS:   MINUTE ORDER REMANDING CASE TO SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE (IN CHAMBERS)

   On May 27, 2011, Plaintiff Oates Revocable Trust Dated June 25, 2003, Robin Oates as Trustee ("Plaintiff") filed a complaint for unlawful detainer ("Complaint") against Defendants James and Dawn D. Rizon (collectively, "Defendants") in the Superior Court for the County of Riverside.  (Doc. No. 1 (Not. of Removal) Ex. A (Complaint).)  On August 2, 2011, Defendants removed the action to this Court on the basis of federal-question jurisdiction.  (Not. of Removal ¶ 6.)  Finding it lacks subject-matter jurisdiction, the Court remands this action sua sponte.

**EDCV 11-01228 VAP (OPx)**
**OATES REVOCABLE TRUST DATED JUNE 23, 2003, ROBIN OATES AS TRUSTEE v. JAMES RIZON, et al.**
**MINUTE ORDER of August 23, 2011**

Removal jurisdiction is governed by statute. See 28 U.S.C. §§ 1441, et seq. The Ninth Circuit strictly construes the removal statute against removal jurisdiction, Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988), and "the defendant always has the burden of establishing that removal is proper," Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)); see also In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001) ("The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); FW/PBS, Inc. v. Dallas, 493 U.S. 215, 231 (1990) ("federal courts are under an independent obligation to examine their own jurisdiction").

Defendants have not met their burden of demonstrating the Court's jurisdiction over this action. Under 28 U.S.C. § 1331, the Court has original jurisdiction over civil actions "arising under" federal law. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where a state claim is preempted by federal law, Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987), or where the claim "depends on the resolution of a substantial question of federal law," Peabody Coal Co. v. Navajo Nation, 373 F.3d 945, 948 (9th Cir. 2004).

Here, Defendants allege removal is proper on the basis of federal-question jurisdiction because "the complaint presents federal questions." (Not. of Removal ¶ 6.) Specifically, Defendants allege they filed a demurrer to the Complaint based on defective notice and Plaintiff's failure to comply with the "Protecting Tenants at Foreclosure Act [12 U.S.C. § 5220]." (Id. ¶ 8.) Defendants further allege that their "demurrer . . . depend[s] on the determination of Defendants' rights and Plaintiff's

EDCV 11-01228 VAP (OPx)
OATES REVOCABLE TRUST DATED JUNE 23, 2003, ROBIN OATES AS TRUSTEE v. JAMES RIZON, et al.
MINUTE ORDER of August 23, 2011

duties under federal law." (Id. ¶ 10.)  Thus, it appears that Defendants seek to invoke this Court's jurisdiction on the basis of defenses they plan to raise or have raised in response to Plaintiff's claims.  "Federal jurisdiction cannot hinge upon defenses or counterclaims, whether actual or anticipated," however.  K2 Am. Corp. v. Roland Oil & Gas, LLC, ___ F.3d ___, ___, 2011 WL 3374228, at *3 (9th Cir. Aug. 5, 2011) (citing Vaden v. Discover Bank, 556 U.S. 49, 129 S. Ct. 1262, 1278 (2009) ("It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law.")).

Moreover, while Defendants mention federal law, they do not explain how federal law forms the basis of Plaintiff's unlawful detainer claim.  From the face of the Complaint, Plaintiff's only claim is for unlawful detainer, a California state law action.  See Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 (1983) (defendant may not remove case to federal court unless basis for federal jurisdiction apparent on the face of the complaint).  Thus, no federal question is presented on the face of the Complaint, nor has a federal claim been disguised by artful pleading.  Defendants accordingly have not demonstrated the Court may exercise jurisdiction over this action on the basis of federal-question jurisdiction.

Though Defendants did not raise diversity jurisdiction as a grounds for removal, the Court notes that diversity jurisdiction does not appear to exist here.  Under 28 U.S.C. § 1332, a federal court may exercise jurisdiction over civil actions where there is complete diversity of citizenship and the amount in controversy exceeds $75,000.  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  The Court finds no basis for diversity jurisdiction here because Plaintiff filed this action as a "limited civil case" with damages not to exceed $10,000.  (See generally Compl.)  As such, this case cannot meet the statutory amount -in-controversy requirement for diversity jurisdiction.  See 28 U.S.C. § 1332.

**EDCV 11-01228 VAP (OPx)**
**OATES REVOCABLE TRUST DATED JUNE 23, 2003, ROBIN OATES AS TRUSTEE v. JAMES RIZON, et al.**
**MINUTE ORDER of August 23, 2011**

For these reasons, the Court lacks subject-matter jurisdiction. <u>See</u> Fed. R. Civ. P. 12(h)(3). The Court accordingly REMANDS this action to the Superior Court for the County of Riverside.

**IT IS SO ORDERED.**